GRABER, Circuit Judge,
dissenting in part:
I respectfully dissent in part, as to the federal and state retaliation claims.
On summary judgment, viewing the facts in Plaintiff White’s favor as we must, there is evidence from which a reasonable finder of fact could conclude that the officers were motivated by White’s protected speech to conduct the pat-down search. Both officers’ affidavits stated that White repeatedly cursed at them and asked, “Why are you always fucking with me?” before he exited the car and thus before any search occurred. Similarly, Defendant Addy said in deposition testimony that White answered requests to get out of the car with, “You guys are just fucking with me,” while still in the car. Further, Addy testified that his search was motivated by White’s “uncooperative behavior” and his “demeanor,” which a fact-finder reasonably could conclude meant — at least in significant part — White’s cursing and his unflattering comments about police.
Generally speaking, resolving an issue as a matter of law is proper only when its resolution “is so obvious that reasonable minds [could] not differ.” SEC v. Todd, 642 F.3d 1207,1220 (9th Cir.2011) (internal quotation marks omitted) (alteration in original). That admonition has particular force in the context of free speech and in the context of assessing an actor’s motivation. Here, in my view the retaliation claims are not suitable for resolution on summary judgment.
In all other respects, I join the disposition.